**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| **ARA GARDNER,** | |
| Plaintiff, | No. 2023-cv-03069 |
| | Hon. Martha Pacold |
| v. | JURY TRIAL DEMANDED |
| **THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, REBECCA HENLLAN-JONES, DOREEN NORRIS-STOJAK, GILDA VILCHES,** | |
| Defendants. | |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, ARA GARDNER (hereinafter "Plaintiff"), by and through her counsel, SPEARMAN LAW, LLC and complains against the Defendants, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, REBECCA HENLLAN-JONES, DOREEN NORRIS-STOJAK, GILDA VILCHES, and (hereinafter "Defendants") and states the following in support thereof:

4

**NATURE OF ACTION**

1. Plaintiff, ARA GARDNER files this complaint for damages related to her employment with Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS for violation of her rights under Title VII of the Civil Rights Act of 1964. Plaintiff also brings this action for discrimination based on race, harassment based on race, and retaliation. Plaintiff also brings this complaint pursuant to 42 U.S.C. Section 1983.

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq. ("Title VII"); the judicial code 28 U.S.C. § 1331, § and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to this Complaint occurred within this judicial district and Plaintiff was employed by the Defendant in the County of Cook, in the State of Illinois. Venue is also proper pursuant to 42 U.S.C.A. § 2000e-5(f)(3).

**PARTIES**

4. PLAINTIFF ARA Gardner is an African American resident of the Northern District of Illinois and has worked for the Defendant for twenty (20) years.

5. The Defendant, BOARD OF TRUSTEES exercises final authority over the University of Illinois which includes the Hospitals and Health care System, an agency of Cook County

5

Health and a Municipal Corporation in the State of Illinois with 500 or more employees and has an office and does business in the County of Cook, State of Illinois.

6. The Defendant, DOREEN NORRIS-STOJAK is a citizen of the United States and State of Illinois and is sued in her individual capacity. She is and was at all times relevant an employee and agent of UNIVERSITY OF ILLINOIS HOSPITAL AND HEALTH SCIENCES SYSTEM and currently serves as Associate Chief Nursing Officer and acted as decision-maker with respect to the discriminatory practices and employment decisions complained of herein. At all times and in all matters material, she acted under the color of the law of the State of Illinois and within the scope of her duties in connection with her employment with the University Hospital.

7. The Defendant, GILDA VILCHES is a citizen of the United States and State of Illinois and is sued in her individual capacity. She is and was at all times relevant an employee and agent of UNIVERSITY OF ILLINOIS HOSPITAL AND HEALTH SCIENCES SYSTEM and currently serves as Director of Patient Care Services and acted as decision-maker with respect to the discriminatory practices and employment decisions complained of herein. At all times and in all matters material, she acted under the color of the law of the State of Illinois and within the scope of her duties in connection with his employment with the University Hospital.

8. REBECCA HENLLAN-JONES is a citizen of the United States and State of Illinois and is sued in her individual capacity. She is and was at all times relevant an employee and agent of UNIVERSITY OF ILLINOIS HOSPITAL AND HEALTH SCIENCES SYSTEM and currently serves as Assistant Director of Employee Relations and acted as decision-maker

6

with respect to the discriminatory practices and employment decisions complained of herein. At all times and in all matters material, she acted under the color of the law of the State of Illinois and within the scope of her duties in connection with her employment with the University Hospital.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has met all administrative prerequisites.

10. Plaintiff filed a charge of discrimination with the EEOC on June 27, 2022 (440-2022-03639) (See attached Exhibit. A)

11. Plaintiff was issued a right sue letter and received the right to sue letter on or about February 24, 2023, and timely filed this complaint. (See attached. (See attached Exhibit B)

## FACTS COMMON TO ALL COUNTS

12. Plaintiff was hired by the Defendant on or about April 2003 as a Mental Health Counselor.

13. Plaintiff has performed her job duties satisfactorily during her time with the Defendant.

14. Throughout her employment with the Defendant, Plaintiff has been a member of The Services Employees International Union Local 73.

15. On or about 2015, Plaintiff became a Union Steward.

16. On numerous occasions, throughout Plaintiff's two-decade employment with the Defendant, Plaintiff has expressed numerous and countless concerns about racism, harassment, bullying, and gender discrimination.

7

17. Plaintiff expressed concerns of discrimination both on behalf of herself, as well as other unions members.

18. More specifically, Plaintiff has expressed complaints, both verbally and via email about the difference in treatment from Defendant's leadership toward Black employees and non-Black employees.

19. On one particular instance, Plaintiff reported Defendant Norris-Stojak for telling a Black Nurse: "I should have you come clean my house."

20. Plaintiff has also complained about what she perceives as a difference in treatment from Defendant's leadership toward male employees and female employees.

21. In response to Plaintiff's complaints about racism, discrimination, and harassment, Defendant's leadership has treated Plaintiff differently than her non-Black peers.

22. For example, on January 7, 2022, Defendant, Gilda Vilches, Director of Patient Care Services called the campus police on Plaintiff without cause or justification.

23. Defendant Vilhes claims that Plaintiff "raised her voice" during a meeting.

24. Defendant Vilches called the police two hours after the meeting, which is an indication that Plaintiff posed no threat or harm to the Defendant.

25. Non-Black employees have had discussions with Defendant Vilches with "elevated voices"; but those instances did not result in the police being called on the non-Black employees.

26. Because Defendant called the Police on Plaintiff without cause or justification, Plaintiff has endured humiliation and shame.

27. More specifically, every time a police officer appears on campus, other employees will jokingly state "Ara, the police are here for you."

28. Defendant's leadership did not do anything to mitigate the work conditions for Plaintiff.

29. As a result, Plaintiff was afraid to come to work, experienced headaches, chest pains, sleeplessness, and stress.

30. Furthermore, the false police report caused Plaintiff to change her work pattern and schedule.

31. For instance, Plaintiff routinely works overtime hours but was afraid to do so because of Defendants' act of calling the police without cause or justification.

32. Additionally, on February 18, 2022, Plaintiff was placed on paid administrative leave pending an investigation for an alleged altercation with a co-worker.

33. Plaintiff requested the security footage to support her contention that she did nothing wrong.

34. Defendants initially refused to produce the video of the alleged altercation between Plaintiff and co-worker.

35. Defendants then altered the video before tendering the video to Plaintiff.

36. Additionally, Defendants refused to allow Plaintiff to submit additional evidence in support her position.

37. Defendants also failed to interview Plaintiff's witnesses, who are all Black.

38. However, Defendant interviewed the other party and her witnesses, who are all non-Black numerous times.

39. Despite video footage that explicitly shows that Plaintiff did not do anything wrong, Defendants placed Plaintiff on paid administrative leave.

40. However, the Defendants failed to place the other co-worker (non-Black) involved in the matter on administrative leave.

9

41. Plaintiff has been placed on administrative leave numerous times without cause and justification.

42. On the contrary, when allegations are brought against non-Black employees, the Defendants do not place the non-Black employees on administrative leave, while investigations are pending.

43. To exacerbate matters, the Defendant's act of placing Plaintiff on administrative leave has interfered with Plaintiff's holiday, vacation, overtime, and retirement benefits.

44. On three occasions, a union representative, reached out to the Defendants' leadership about Plaintiff's benefits via email, the Defendant's leadership ignored the union representative each time.

45. However, the Defendant's leadership responds to complaints and issues relating to non-Black employees.

46. The Defendants also implement its polices and disciplinary procedures differently for different races, especially Plaintiff.

47. In one instance, a patient committed suicide while an employee (non-Black) fell asleep.

48. The Defendant did not discipline the employee in any way.

49. However, the Defendants attempted to terminate Plaintiff for allegedly leaving a patient unsupervised, despite video evidence that the patient was left with a nurse.

50. In another instance, Defendant Norris-Stojak forced Plaintiff to remove a face mask, claiming that Plaintiff had on the incorrect mask.

51. Defendant Norris-Stojak also tried to force Plaintiff to leave work because of the mask.

10

52. However, the very same day, just a few moments later, Plaintiff witnessed Defendant Norris-Stojak allow numerous non-Black employees to wear the exact same protective mask that Plaintiff was forced to remove.

53. Plaintiff contracted COVID for a fourth time because the Defendant failed to supply her with the proper Personal Protective Equipment Mask.

54. In another instance, Plaintiff placed a complaint about a male co-worker who threatened to cause Plaintiff serious bodily harm.

55. Instead of intervening, Defendants Norris Stojak and Henllan-Jones placed the male co-worker on the same work shift as Plaintiff.

56. However, when a non-Black co-worker reported another male for threatening her, the Defendant provided the complainant with a security escort, and rides to and from the train station.

57. As equally as important, the Defendants helped this non-Black complainant obtain an order of protection and the Defendant terminated the male who made the threat.

58. Finally, on numerous occasions, the Defendant's leadership has refused to allow plaintiff to enter zoom meetings that are conducive to Plaintiff's job tasks.

59. Similarly, the Defendant refuses to allow Plaintiff to speak at meetings where she is present. (The Defendant's leadership accomplishes this by forcing Plaintiff to remain on "mute" during the meetings.)

11

60. Moreover, when Plaintiff requests meetings to address her concerns, all of the Defendants have refused to meet with Plaintiff because of her race or because Plaintiff has complained about racism and discrimination on numerous occasions.

61. The Defendants' refusal to communicate and meet with Plaintiff has interfered with Plaintiff's ability to fully do her job tasks.

62. Additionally, the Defendants deny Plaintiff pertinent information conducive to her role as union steward.

63. The Defendants do not place the same impediments on the White union stewards, however.

64. Plaintiff was terminated without cause or justification on August 2, 2022, by Defendants Rebecca Henllan-Jones and the Board of Trustees.

65. However, Plaintiff appealed the decision and received a favorable result after a merit board hearing.

66. More recently, Plaintiff returned to work and Defendants have failed to give Plaintiff back-pay, despite being ordered by a hearing officer to do so.

67. All Defendants are aware of Plaintiff's numerous complaints and concerns but have approved, condoned, and ignored Plaintiff's cries for help.

**COUNT I:**
**TITLE VII: RACE DISCRIMINATION**
**(AGAINST THE BOARD OF TRUSTEES of THE UNIVERSITY OF ILLINOIS)**

68. Plaintiff repeats and realleges paragraphs 1-67 and incorporates same by reference as though fully set out herein.

69. At all times relevant, Plaintiff is an African American female who works for the Defendants.

70. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, including pay and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

71. Through the actions alleged hereinabove, Plaintiff was subject to disparate treatment and was not subjected to the same terms of employment as the non-Black employees.

72. Title VII prohibits discrimination in hiring, pay, promotion, termination, and other terms and conditions of employment because of race, color, sex, national origin or religion.

73. Defendants discriminated against Plaintiff as set forth herein this Complaint.

74. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.


## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF ARA GARDNER, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTs for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D.  Award such other and further relief as the court may deem just and equitable.

**COUNT II:**
**SECTION 1983 RACIAL DISCRIMINATION**
**(AGAINST REBECCA HENLLAN-JONES,**
**DOREEN NORRIS-STOJAK,**
**GILDA VILCHES IN THEIR INDIVIDUAL CAPACITIES)**

75. Plaintiff repeats and realleges paragraphs 1-74 and incorporates same by reference as though fully set out herein.

76. At all times relevant, Plaintiff is an African American female who worked for the Defendants.

77. Defendants REBECCA HENLLAN-JONES, DOREEN NORRIS-STOJAK, GILDA VILCHES all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

78. Defendants and their agents were under a duty to prevent discriminatory working environment and conduct and implement their personnel decisions, including pay, and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

79. Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

80. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF ARA GARDNER, by and through her counsels, SPEARMAN,

14

LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance.

with the following:

A.  Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of her rights under Section 1983;

B.  Award PLAINTIFF the value of her lost wages, lost benefits, and other monetary losses caused by DEFENDANTS.

C.  Award PLAINTIFF attorney's fees and costs in bringing this action; and

D.  Award such other and further relief as the court may deem just and equitable.


**COUNT III:**
**TITLE VII: HARASSMENT (RACE)**
**(AGAINST THE BOARD OF TRUSTEES of THE UNIVERSITY OF ILLINOIS)**

81. Plaintiff repeats and realleges paragraphs 1-81 and incorporates same by reference as though fully set out herein.

82. At all times relevant, Plaintiff is an African American female who worked for the Defendant.

83.  Plaintiff was subjected to unwelcome harassment.

84.  The harassment was based on Plaintiff's race.

85. The harassment amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

15

86. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF ARA GARDNER, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT IV:
## TITLE VII: HARASSMENT (RETALIATION)
## (AGAINST UNIVERSITY OF ILLINOIS BOARD OF TRUSTEES)

87. Plaintiff repeats and realleges paragraphs 1-86 and incorporates same by reference as though fully set out herein.

88. At all times relevant, Plaintiff is an African American female who worked for the Defendants.

89. The Plaintiff complained to Defendant's leadership about racism, discrimination, harassment, and bullying on numerous occasions.

90. Plaintiff was subjected to unwelcome harassment because she engaged in a protected activity.

91. The harassment amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

92. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF ARA GARDNER, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

17

**COUNT V:**
**SECTION 1983 HARASSMENT (RACE)**
**((AGAINST REBECCA HENLLAN-JONES,**
**DOREEN NORRIS-STOJAK,**
**GILDA VILCHES IN THEIR INDIVIDUAL CAPACITIES)**

93. Plaintiff repeats and realleges paragraphs 1-92 and incorporates same by reference as though fully set out herein.

94. At all times relevant, Plaintiff is an African American female who worked for the Defendant.

95. Defendants REBECCA HENLLAN-JONES, DOREEN NORRIS-STOJAK, GILDA VILCHES all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

96. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, including pay and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

97. Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

98. Plaintiff was subjected to unwelcome harassment.

99. The harassment was based on Plaintiff's race.

100. The harassment was intentional and amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

101. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

18

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF ARA GARDNER, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights under Title VII of the Civil Rights Act and Section 1983;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

**COUNT VI: SECTION 1983 RETALIATION
((AGAINST REBECCA HENLLAN-JONES,
DOREEN NORRIS-STOJAK,
GILDA VILCHES IN THEIR INDIVIDUAL CAPACITIES)**

102. Plaintiff repeats and realleges paragraphs 1-101 and incorporates same by reference as though fully set out herein.

103. Defendants REBECCA HENLLAN-JONES, DOREEN NORRIS-STOJAK, GILDA VILCHES all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

19

104.     Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, including pay and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

105.     Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

106.     The Plaintiff complained to Defendant's leadership about racism, discrimination, harassment, and bullying on numerous occasions.

107.     As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, , and incidental damages.


**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF ARA GARDNER, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights under Title VII of the Section 1983;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.


20

**COUNT VII:**
**TITLE VII: RETALIATORY DISCHARGE**
**(AGAINST THE BOARD OF TRUSTEES of THE UNIVERSITY OF ILLINOIS**

108.     Plaintiff repeats and realleges paragraphs 1-107 and incorporates same by reference as though fully set out herein.

109.      The Plaintiff complained to Defendant's leadership about racism, discrimination, harassment, and bullying on numerous occasions.

110.     Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

111.     As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

112.     More specifically, Plaintiff was terminated because she engaged in protected activity.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF ARA GARDNER, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendant engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

E. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of her rights under Title VII of the Civil Rights;

F.  Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

G.  Award PLAINTIFF attorney's fees and costs in bringing this action; and

H.  Award such other and further relief as the court may deem just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

ARA GARDNER

By: /**s/ Kendra D. Spearman**

**Kendra D. Spearman** (ARDC No. 6324689)
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602
kendra@spearmanlaw.com

22

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 440-2022-03639 |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Ara J. Gardner | 312-752-7014 | 1966 |

Street Address

1153 W Normantown rd Apt 1106

ROMEOVILLE, IL 60446

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| UNIVERSITY OF ILLINOIS HOSPITAL AND HEALTH SYSTEMS | 501+ Employees | (312) 714-9205 |

Street Address

1740 West Taylor Street

CHICAGO, IL 60612

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                                    City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                                    Latest |
| Race, Retaliation | 01/04/2022                              06/27/2022 |
| | Continuing Action |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the Respondent in or around April 2003. My position is Mental Health Counselor I. On or about January 4, 2022, I was falsely accused of misconduct which includes, but is not limited to, being belligerent and threatening. I was subjected to harassment and different terms and conditions of employment which included being told that I couldn't wear a particular mask whereas my non-Black co-workers were not told the same. I complained and was put on administrative leave pending an investigation that's ongoing to date. I believe that I have been discriminated against because of my race, Black, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Ara J. Gardner**<br><br>06/27/2022<br><br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# EXHIBIT B

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Ms. Ara J. Gardner
1153 W Normantown rd Apt 1106
ROMEOVILLE, IL 60446

From: San Diego Local Office
555 West Beech Street, Suite 504
San Diego, CA 92101

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2022-03639 | OSCAR GONZALEZ, Investigator | (619) 900-1615 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

> More than 180 days have passed since the filing of this charge.
>
> The EEOC is terminating its processing of this charge.

**Equal Pay Act (EPA):** *You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Christine Park-Gonzalez
02/16/2023

**Christine Park-Gonzalez**
**Acting District Director**

Enclosures(s)

cc: Caryn A Bills
UNIVERSITY OF CHICAGO MEDICAL CENTER
Office For Access & Equity 809 South Marshfield Avenue, Room #717
Chicago, IL 60612
Donald Kamm
University of Illinois Chicago
809 S MARSHFIELD AVE # 717
Chicago, IL 60612

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023 I served the foregoing document upon all counsel of record by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

/s/Kendra D. Spearman
Kendra D. Spearman
Attorney for the Plaintiff